Leonard REEVES, Petitioner–
Appellant,

v.

J.J. CLARK, Administrator, Southern
Correctional Institution, Troy, North
Carolina, Respondent–Appellee.

No. 04–6518.

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 25, 2004.

Decided: Sept. 14, 2004.

H. Gerald Beaver, Beaver, Holt, Stern-
light & Courie, P.A., Fayetteville, North
Carolina, for Appellant.

Roy Cooper, Attorney General, Clarence
Joe DelForge, III, Assistant Attorney
General, Raleigh, North Carolina, for Ap-
pellee.

Before WIDENER, MICHAEL, and
SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by
unpublished per curiam opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM:

Leonard Reeves appeals a district court
order and judgment dismissing as untime-
ly his 28 U.S.C. § 2254 (2000) petition.
The district court granted Reeves' request
for a certificate of appealability ("COA") as
to when the denial by the North Carolina
Supreme Court of a petition for writ of
certiorari in a direct criminal appeal
ceased to be pending for purposes of filing
a petition for writ of certiorari to the Unit-
ed States Supreme Court. We affirm the
district court's conclusion that the North
Carolina Supreme Court's denial of a peti-
tion for writ of certiorari in a direct crimi-
nal appeal ceased to be pending on the
date it was denied. In this case, the peti-
tion ceased to be pending on December 18,
2001. Thus, Reeves' § 2254 petition, filed
on June 3, 2003, was untimely.

In his brief, Reeves raises issues which
were not granted a COA. Nor did Reeves
follow the procedures outlined in *Reid v.
True*, 349 F.3d 788, 796 (4th Cir.), *cert.
denied*, 540 U.S. 1097, 124 S.Ct. 979, 157
L.Ed.2d 810 (2003), with respect to filing a
brief containing issues which were not
granted a COA. Prior to Reeves filing his
brief, this Court denied Reeves' motion to
expand the COA to include an issue re-
garding equitable tolling of the one-year
limitations period in which to file a § 2254
(2000) petition. In addition, the district
court denied a COA as to a similar issue
and also denied Reeves' request for a COA
as to whether the period in which to file a
petition for writ of certiorari with the

United States Supreme Court commenced when he received notice that the North Carolina Supreme Court denied his petition for writ of certiorari. This Court will not consider issues not specified in a COA. *See Phelps v. Alameda,* 366 F.3d 722, 729 (9th Cir.2004); *Wright v. Norris,* 299 F.3d 926, 928 (8th Cir.2002).

Accordingly, we affirm that part of the district court's order finding Reeves' § 2254 petition untimely because the state order denying a petition for writ of certiorari became final the date it was entered. With respect to all other issues, the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*